### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRIAN TYRONE SCOTT,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. CIV 24-082-RAW-JAR** |
| | ) | |
| **DEBORAH A. REHEARD,** | ) | |
| Okmulgee County District Court Judge, | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION AND ORDER

Petitioner, a state prisoner who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, has filed a motion pursuant to Fed. R. Civ. P. 60(b)(1),(6). (Dkt. 1). He alleges the Oklahoma Court of Criminal Appeals erred in Case No. PC-2023-941 "when the court failed to follow the Oklahoma Statute Rule in Title 22 section 5.2(c)(2)-9.7," which concerns a state petition in error and supporting brief. *Id.* at 1. While Petitioner's motion is unclear, he apparently is challenging the proceedings in his application for state post-conviction relief. *Id.* at 1-2.

Rule 60 of the Federal Rules of Civil Procedure concerns requests for relief from a *federal* judgment or order. Here, Petitioner is complaining about the actions of the Oklahoma Court of Criminal Appeals, not the actions of a federal court. To challenge his state conviction in the federal court, he must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Only after this Court has entered a judgment or order, may he request relief under Rule 60.

**ACCORDINGLY**, Petitioner's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Dkt. 1) is denied, and this action is dismissed without prejudice.

**IT IS SO ORDERED** this 14th day of May 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE